NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 50

No. 22-AP-222

| | |
|---|---|
| Kyle Wolfe | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Civil Division |
| | |
| VT Digger et al. | February Term, 2023 |

David A. Barra, J.

Kyle T. Wolfe, Pro Se, Burlington, Plaintiff-Appellant/Cross-Appellee.

Matthew B. Byrne of Gravel & Shea PC, Burlington, for Defendants-Appellees/
  Cross-Appellants.


PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.


¶ 1.    **COHEN, J.**  Plaintiff Kyle Wolfe appeals from the civil division's dismissal of his lawsuit against Vermont Digger and its editor Anne Galloway (hereinafter collectively referred to as "VT Digger"), arguing that dismissal was improper and alleging that VT Digger's publication of articles about him was defamatory and constituted a hate crime.  VT Digger cross-appeals, arguing that its special motion to strike under Vermont's anti-SLAPP statute should not have been denied as moot after its motion to dismiss was granted.  We affirm the court's dismissal of plaintiff's complaint for failure to state a claim, but conclude that the trial court should have granted VT Digger's motion to strike, and therefore reverse and remand for the court to award attorney's fees to VT Digger pursuant to the anti-SLAPP statute.

## I. Facts and Procedural History

¶ 2.     In October 2021, plaintiff was arrested at the Vermont Statehouse on charges of aggravated disorderly conduct, disorderly conduct, and resisting arrest based on conduct directed toward the Speaker of the Vermont House of Representatives.  VT Digger published an article on October 8, 2021, titled, "Man arrested at the Vermont Statehouse after threatening House speaker." The article named plaintiff, described his allegedly threatening conduct toward the House Speaker, referred to an unloaded gun found in plaintiff's car and "a prior criminal conviction that would prevent [plaintiff] from owning most types of guns," and noted that he had been admitted to a "medical facility for mental health screening under a mental health warrant."

¶ 3.     In December 2021, plaintiff was released on conditions that required him to stay in Rutland County and prohibited him from possessing firearms or contacting the House Speaker. The same day, VT Digger published an article titled, "Defendant who threatened House speaker released with several conditions."  The article described plaintiff's conditions of release, the charges against plaintiff, and some of the facts the court considered during plaintiff's bail hearing, and noted that plaintiff had a 2017 conviction for conspiracy to distribute narcotics.

¶ 4.     The civil division issued a final order against stalking in December 2021, which prohibited plaintiff from communicating with the House Speaker electronically or coming within three hundred feet of her, her residence, her motor vehicle, and her place of employment.  In February 2022, plaintiff allegedly posted annotated photographs of firearms to his social media accounts, "tagged" the House Speaker in a Facebook post, and asked others to contact the House Speaker, noting in a comment on Facebook, "Yes, I am aware this is technically 'illegal.' "  Due to this conduct, plaintiff was charged in March 2022 with violating the anti-stalking order.  A few days later, plaintiff was further charged with violating the Rutland County travel restriction condition after he allegedly traveled to South Burlington.  The court imposed new conditions of release that expanded on plaintiff's prior conditions.

¶ 5.    VT Digger subsequently published an article on March 3, 2022, detailing plaintiff's new conditions of release.  Finally, on March 7, VT Digger published another article describing plaintiff's social media posts that led to the charge of violating the order against stalking and his conditions of release.

¶ 6.    Plaintiff filed a complaint against VT Digger in May 2022 accusing it of defamation by libel and slander and requesting the civil division enjoin VT Digger from publishing further articles about him.  In support of his defamation claim, plaintiff referred to the four above-described VT Digger articles from October 8 and December 13, 2021, and March 3 and March 7, 2022.  He also cited Vermont's hate-crime statute but did not specifically allege that VT Digger had violated it.

¶ 7.    VT Digger moved to dismiss, arguing that plaintiff's request for injunctive relief sought a restraint on speech that was protected by statutory and constitutional privileges.  VT Digger's motion further asserted that plaintiff failed to state a claim for defamation.

¶ 8.    In July 2022, the civil division issued an order directing plaintiff to file a more definite statement of his claim.  The next day, VT Digger filed a special motion to strike the complaint under 12 V.S.A. § 1041(a), asserting that plaintiff's complaint "attack[ed] the Vermont Digger's right to speak on issues of public concern" and was therefore the type of anti-free-speech lawsuit the Legislature aimed to stop with its anti-SLAPP legislation.

¶ 9.    Plaintiff subsequently filed materials with the court that purported to be a more definite statement of his claim.  These included copies of the articles of organization for his business, his curriculum vitae, his college transcript, one of the VT Digger articles, and a redacted October 2021 mental-health order.  He also filed an affidavit in which he provided links to his social media pages, listed the four VT Digger articles, claimed that he was not a public figure, and argued that VT Digger had harmed his reputation, business, and mental health by falsely suggesting that he was violent, mentally unstable, and had broken the law.  In addition to reiterating

3

his defamation claim, he asserted that by discussing his prior conviction and mental health proceedings in the articles, VT Digger committed hate-motivated crimes under 13 V.S.A. §§ 1455 and 1457.

¶ 10. The civil division granted VT Digger's motion to dismiss, concluding that plaintiff failed to state a claim for defamation or for violation of the hate-crime statute because the VT Digger articles were speech protected by the U.S. and Vermont Constitutions. In a separate order, the court denied VT Digger's motion to strike the complaint as moot. Both parties appealed.

## II. Dismissal for Failure to State a Claim

¶ 11. Plaintiff appeals from the civil division's order granting VT Digger's motion to dismiss his complaint for failure to state a claim. In his brief, plaintiff argues that VT Digger was motivated by hate in publishing the articles. He argues that the articles did not involve a matter of public concern and caused him severe emotional and reputational harm.

¶ 12. We review the trial court's decision on a motion to dismiss without deference. Ferry v. City of Montpelier, 2023 VT 4, ¶ 8, __ Vt. __, 296 A.3d 749. A motion to dismiss for failure to state a claim "may not be granted unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 8, 212 Vt. 305, 236 A.3d 1250 (quotation omitted). "Where pleadings rely upon outside documents, those documents merge into the pleadings and the court may properly consider them under a Rule 12(b)(6) motion to dismiss." Davis v. Am. Legion, Dep't of Vt., 2014 VT 134, ¶ 13, 198 Vt. 204, 114 A.3d 99 (quotation omitted) (alteration omitted).

¶ 13. To state a claim for defamation, a plaintiff must allege the following:

> (1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm so as to warrant compensatory damages.

4

Lent v. Huntoon, 143 Vt. 539, 546-47, 470 A.2d 1162, 1168 (1983) (footnote omitted). A defamatory statement is one that tends to tarnish a plaintiff's reputation and "expose her to public hatred, contempt or ridicule." Davis, 2014 VT 134, ¶ 22 (quotation omitted). "Truth . . . is a complete defense to defamation." Lent, 143 Vt. at 548, 470 A.2d at 1169. "[F]or the defense of truth to apply, it is now generally agreed that it is not necessary to prove the literal truth of the accusation in every detail, and that it is sufficient to show that the imputation is substantially true." Russin v. Wesson, 2008 VT 22, ¶ 8, 183 Vt. 301, 949 A.2d 1019 (quotation omitted).

¶ 14. Construed in the light most favorable to plaintiff, his complaint fails to state a claim for defamation. Plaintiff only identified two specific statements as defamatory: that plaintiff was arrested for threatening the House Speaker and that he was accused of stalking the House Speaker. However, plaintiff does not allege that these statements were false. He contested the validity of the charges and the anti-stalking order, but did not deny that they existed. Plaintiff also asserted that the articles harmed his reputation by labeling him as mentally ill and ridiculed him for a pre-existing health condition. However, plaintiff identified no specific false statements related to this claim. Two of the articles stated that, after his arrest in October 2021, he had been "screened by Washington County Mental Health and admitted to a secure medical facility under a mental health warrant." Plaintiff did not allege in his complaint, or assert on appeal, that this was untrue, and it is supported by the affidavit filed by the Capitol Police. Another article stated that the court had ordered plaintiff to undergo a competency evaluation, and quoted a deputy state's attorney as saying that "according to the Brattleboro Retreat, [plaintiff] was not in compliance with his medication and treatment, and made vague, nonspecific threats while he was there." Plaintiff did not allege that he was not ordered to undergo a competency evaluation or that the deputy state's attorney did not make the quoted statement. Accordingly, plaintiff failed to identify any specific false statements in the articles, defeating his defamation claim.

5

¶ 15. Plaintiff's complaint also fails to state a claim for relief under Vermont's hate-crime statute. The statute provides that "[a] person who commits, causes to be committed, or attempts to commit any crime and whose conduct is motivated, in whole or in part, by the victim's actual or perceived protected category shall be subject to" fines and imprisonment. 13 V.S.A. § 1455(a). A victim of a hate-motivated crime may also bring a civil action for injunctive relief and damages. Id. § 1457. Disability is a protected category under the statute. Id. § 1455(c); 21 V.S.A. § 495d(5).

¶ 16. Plaintiff asserted in his complaint that he was entitled to relief under 13 V.S.A. § 1457 because he has a disability and VT Digger's allegedly defamatory statements were motivated by that disability. The trial court concluded that plaintiff's claim failed because the statute did not apply to protected speech. See 13 V.S.A. § 1454 ("It is not the intent of this chapter to interfere with the exercise of rights protected by the constitutions of this State or the United States and the Legislature recognizes the constitutional rights of every citizen to harbor and express beliefs on any subject and to associate with others who share similar beliefs."). We find that it fails for an even simpler reason; that is, plaintiff's failure to identify any crime committed by VT Digger. See Davey v. Baker, 2021 VT 94, ¶ 2, 216 Vt. 153, 274 A.3d 817 (stating that this Court may affirm dismissal "on any ground"). Vermont does not have a criminal libel or slander statute.[*] Even construed in the light most favorable to plaintiff, his complaint does not identify any other criminal act committed by VT Digger. Accordingly, he has failed to allege facts sufficient to support a claim under 13 V.S.A. §§ 1455 and 1457. We therefore affirm the trial court's dismissal of plaintiff's complaint for failure to state a claim for which relief may be granted.

---

[*] Former 13 V.S.A. §§ 801-802, which prohibited blasphemy and "[d]efaming a court," were repealed in 1980. See 1979, No. 152 (Adj. Sess.).

III.  Motion to Strike

¶ 17.  VT Digger cross-appeals, arguing that the court improperly denied its special motion to strike as moot.  We conclude that the court erred in determining that the motion was moot and should instead have granted the motion.  We therefore reverse and remand for the court to award VT Digger attorney's fees pursuant to 12 V.S.A. § 1041(f).

¶ 18.  Vermont's anti-SLAPP statute provides in relevant part that "[a] defendant in an action arising from the defendant's exercise, in connection with a public issue, of the right to freedom of speech . . . may file a special motion to strike under this section."  Id. § 1041(a).  The motion "shall" be granted "unless the plaintiff shows that: (A) the defendant's exercise of his or her right to freedom of speech and to petition was devoid of any reasonable factual support and any arguable basis in law; and (B) the defendant's acts caused actual injury to the plaintiff."  Id. § 1041(e)(1).  If the trial court grants the defendant's motion to strike, "the court shall award costs and reasonable attorney's fees to the defendant."  Id. § 1041(f)(1).  Succeeding on a motion to strike is a two-step process by which a defendant must first establish an exercise of free speech in connection with a public issue, at which time the burden shifts to the plaintiff to demonstrate that the defendant's expression was not factually or legally supported and caused the plaintiff harm.  Cornelius v. Chronicle, Inc., 2019 VT 4, ¶ 8, 209 Vt. 405, 206 A.3d 710.

¶ 19.  It is now well-settled under our law that when a defendant files both a motion to dismiss and a special motion to strike the complaint under 12 V.S.A. § 1041, "granting [the] motion to dismiss does not moot the motion to strike because the issue of attorney's fees remains a live controversy."  Id. ¶ 17; see Felis v. Downs Rachlin Martin PLLC, 2015 VT 129, ¶ 28, 200 Vt. 465, 133 A.3d 836 (concluding motion to strike was not moot because defendant would "still [be] entitled to relief in the form of attorney's fees if successful in dismissing [the] plaintiff's suit").  Therefore, the trial court erred in declining to consider VT Digger's motion to strike on that basis.  Because the parties have briefed the applicability of the statute and because we wish to avoid

7

accruing more attorney's fees for the parties, we will review the motion to strike on appeal to determine whether it ought to have been granted. See Felis, 2015 VT 129, ¶ 28 (opting to review anti-SLAPP motion on appeal "because the parties have briefed the applicability of the statute, we can decide the issue based on a question of law on which the standard of review is de novo, and we can avoid the accrual of even more attorney's fees for the parties").

¶ 20. We previously examined the anti-SLAPP statute as applied to a similar set of facts in Cornelius v. Chronicle, Inc. In that case, the plaintiff sued a newspaper alleging that the newspaper invaded his privacy and painted him in a false light after it published two articles reporting that the plaintiff and his brother had allegedly threatened local law enforcement, recounting their criminal histories, and describing the plaintiff's arraignment for the charge of aiding in his brother's escape. The trial court granted the newspaper's motion to strike the plaintiff's complaint under the anti-SLAPP statute and awarded it limited attorney's fees. The plaintiff appealed the orders striking his claims, and the newspaper cross-appealed the amount of attorney's fees. Upon review, this Court affirmed the court's decisions as to granting the motion to strike and reversed and remanded as to the limitation of attorney's fees. 2019 VT 4, ¶ 1.

¶ 21. Relevant to this appeal, we concluded in Cornelius that the newspaper's two articles "were exercises of free speech and connected to a public issue because they concerned public safety, law enforcement activity, possible criminal behavior, and the reporting of arrests." Id. ¶ 10. Therefore, because the newspaper met its threshold showing under 12 V.S.A. § 1041(a), the burden shifted to the plaintiff "to demonstrate that [the] newspaper's exercise of its freedom of speech 'was devoid of any reasonable factual support and any arguable basis in law.' " Id. ¶ 15 (quoting 12 V.S.A. § 1041(e)(1)(A)). The plaintiff failed to do so, asserting only that information repeated from a law enforcement bulletin was inaccurate. We held that this was insufficient to show a lack of reasonable support because the newspaper did not independently make these assertions, but simply attributed them to the law-enforcement bulletin, the plaintiff's and his brother's public

8

Facebook posts, and a statement made by their probation officer. Id. ¶ 16. We concluded that the claims were therefore properly stricken under § 1041. Id.

¶ 22. As in Cornelius, the four VT Digger articles challenged by plaintiff in this case involved speech in connection with a public issue. The public had an interest in information relating to plaintiff's alleged threats toward a high-ranking public official and plaintiff's resulting arrest and criminal charges. It also had an interest in information concerning his conditions of release, as well as his subsequent charges for violating those conditions and the order prohibiting him from contacting the House Speaker. See id. ¶ 10 (explaining that "matters connected to law enforcement investigation, public safety, and crime in the community are of public concern"); see also Caledonia Rec. Publ'g Co. v. Walton, 154 Vt. 15, 21, 573 A.2d 296, 299 (1990) ("Pursuant to the First Amendment, it is generally recognized that the public and the media have a constitutional right of access to information relating to the activities of law enforcement officers and to information concerning crime in the community."); 1 V.S.A. § 317(c)(5)(B) (providing that "records reflecting the initial arrest of a person . . . [and] the charge . . . shall be public"). Further, the public had an interest in plaintiff's statements on his public social media accounts, which suggested that he was deliberately violating his conditions of release. Cornelius, 2019 VT 4, ¶ 13.

¶ 23. Because VT Digger demonstrated that its articles were related to matters of public concern, the burden shifted to plaintiff to demonstrate that VT Digger's exercise of speech was "devoid of any reasonable factual support and any arguable basis in law." 12 V.S.A. § 1041(e)(1)(A). Plaintiff failed to meet this burden. The record shows that the articles were based on court records in plaintiff's criminal cases, journalists' interviews with the House Speaker and law-enforcement officials, and personal observations at plaintiff's court hearings. Plaintiff specifically objected to the articles' statements that he was accused of threatening and stalking the House Speaker. However, these assertions were based on court records and witness interviews, and were not independently made by VT Digger. While plaintiff may disagree with the charges,

9

he cannot (and does not) deny that they were filed against him. Plaintiff also appears to claim that he is challenging "generalized statements that discussed [plaintiff's] character" that were separate from any criminal proceeding, but he fails to identify any specific statements that were devoid of factual support.

¶ 24. VT Digger argues that this Court should rule that dismissal of a complaint for failure to state a claim automatically means that the complaint lacks an "arguable basis in law" for purposes of the anti-SLAPP statute. Insofar as we have already determined that VT Digger was entitled to relief under the anti-SLAPP statute due to plaintiff's failure to demonstrate that its speech was devoid of factual support, we need not address this argument to resolve the appeal. Moreover, VT Digger did not raise this issue below, therefore failing to preserve it for our review. See Bull v. Pinkham Eng'g Assocs. Inc., 170 Vt. 450, 459, 752 A.2d 26, 33 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").

¶ 25. Because plaintiff did not meet his burden under § 1041(e)(1)(A), VT Digger was entitled to have the complaint stricken and to recover attorney's fees. See 12 V.S.A. § 1041(f)(1) ("If the court grants the special motion to strike, the court shall award costs and reasonable attorney's fees to the defendant."); Cornelius, 2019 VT 4, ¶ 19 (holding that if court grants motion to strike, award of attorney's fees is mandatory). We therefore remand the matter to the trial court solely for the purpose of determining the amount of attorney's fees plaintiff owes to defendant.

The trial court's order dismissing plaintiff's complaint for failure to state a claim is affirmed. The order denying defendants' motion to strike is reversed and remanded for the trial court to enter judgment in favor of defendants and award attorney's fees pursuant to 12 V.S.A. § 1041(f).

FOR THE COURT:

_____

Associate Justice

10