Filed 10/01/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-1374

| | |
|---|---|
| YASIN MALAWIA,<br>    Plaintiff<br><br>    v.<br><br>WINDS TRANSPORTATION, INC., SERGIU TOMA, IGOR MURZAC, and JEFF DESLAURIERS,<br>    Defendants | DECISION ON MOTION |

## RULING ON DEFENDANTS' MOTION TO DISMISS

This action arises out of allegations of unfair treatment during Plaintiff Yasin Malawia's employment as a full-time truck driver with Winds Transportation, Inc. Plaintiff seeks damages based on claims of racial discrimination and harassment, retaliation, misclassification of employee status, defamation, assault, promissory estoppel, and intentional infliction of emotional distress. Plaintiff is represented by Siobhan M. McCloskey, Esq. and Defendants are represented by Celeste E. Laramie, Esq. Pursuant to Rule 12(b)(6) of the Vermont Rules of Civil Procedure, Defendants now seek to dismiss the claim for defamation (Count 5).[1] For the following reasons, the motion is DENIED.

## Factual Background

The following facts are alleged in the Complaint. The Court makes no finding as to their accuracy at this stage of the proceedings. *See Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The Court does not, however, accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 (quotation omitted).

Plaintiff was employed full-time at Defendant Winds Transportation, Inc. ("Winds") as a truck driver from July 2022 until his termination on May 12, 2023. Winds operates an interstate trucking company with approximately 70-80 drivers. Defendant Sergiu Toma is Winds'

---

[1] In their motion, Defendants also sought to dismiss Count 4 (misclassification of employee status) against all four Defendants), Count 3 (retaliation under Vermont's Occupational Safety and Health Act) against Mr. DesLauriers), and Count 7 (civil assault) against Mr. Toma and Mr. DesLauriers). In response to the motion, Plaintiff has withdrawn those claims against those Defendants. Accordingly, the only remaining issue for the Court to resolve on this motion is the defamation claim (Count 5).

president, director, and registered agent. Mr. Toma, Defendant Igor Murzac, and Defendant Jeff DesLauriers are all co-owners and/or senior managers at Winds.

On January 9, 2024, the parties had a hearing before an administrative law judge at the Vermont Department of Labor in connection with Plaintiff's eligibility for unemployment benefits. Compl. ¶¶ 55-57. Plaintiff alleges that, at that hearing, Mr. Toma and Mr. DesLauriers (appearing on behalf of Winds)

> made the following false statements with malicious intent:
>
> (a) Yasin's schedule included always working to 7:30 PM;
>
> (b) Defendants would have sent their mechanic up to Keurig to fix the truck;
>
> (c) Defendants had disciplined Yasin and had had past problems with him not doing a fourth trip;
>
> (d) Yasin was fired for misconduct; and
>
> (e) Yasin was properly classified as an independent contractor.

Compl. ¶ 55. The Department of Labor ruled that Defendants wrongfully classified Plaintiff as an independent contractor, and found him to be an employee and eligible for unemployment benefits. *Id*. ¶ 56. Plaintiff alleges that Defendants made those false statements negligently and that they published them "by making them in writing and verbally (while under oath) to . . . DOL employees." *Id*. ¶¶ 57-58. Plaintiff also claims that he suffered actual and special damages from Defendants' alleged defamatory statements.

Discussion

"The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002). When considering a Rule 12(b)(6) motion, the court assumes the truth of the facts alleged, making all reasonable inferences in the plaintiff's favor. *Fleurrey v. Dep't of Aging & Indep. Living*, 2023 VT 11, ¶ 4, 217 Vt. 527. Thus, the court's "attention is directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Bethel v. Mount Anthony Union High Sch. Dist.*, 173 Vt. 633, 634, 795 A.2d 1215, 1217 (2002) (quotation omitted). Dismissal is proper only if "it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted).

"To state a claim for defamation, a plaintiff must allege the following: (1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the

statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm so as to warrant compensatory damages." *Wolfe v. VT Digger*, 2023 VT 50, ¶ 13, 218 Vt. 408 (quotation omitted). A defamatory statement is one that "tends to tarnish a plaintiff's reputation and expose [him] to public hatred, contempt or ridicule." *Id*. (quotation omitted). "Truth . . . is a complete defense to defamation," though it is "not necessary to prove the literal truth of the accusation in every detail[;] . . . it is sufficient to show that the imputation is substantially true." *Id*. (quotations omitted). Defendants contend that, because this was a quasi-judicial proceeding, the absolute defense of privilege protects any statements they made during the hearing.

Plaintiff does not dispute that the Department of Labor hearing was a quasi-judicial proceeding. Ordinarily, such proceedings are subject to an absolute privilege that cannot be overcome, even by a showing or malice and falsity. "In contrast to a qualified privilege, an absolute privilege cannot be overcome by a showing of malice: it 'provides a complete shield against defamation actions' even where the statements at issue were knowingly false and the defendant's motives in making them were malicious." *Talandar v. Manchester-Murphy*, 2024 VT 86, ¶ 13, 331 A.3d 1093 (quoting *Couture v. Trainer*, 2017 VT 73, ¶ 10, 205 Vt. 319); *see also Couture*, 2017 VT 73, ¶¶ 10-15; *Restatement (Second) of Torts* § 588 (1977). However, there is a statutory exception for Department of Labor proceedings concerning unemployment compensation:

> All written or oral reports, or other communications, from an employer . . . to the Commissioner or any of the Commissioner's agents, representatives, or employees, made in connection with the requirements and administration of this chapter or the rules adopted pursuant to this chapter, *shall be absolutely privileged* and shall not be made the subject matter or basis for any suit for slander or libel in any court of this State, *unless they are false in fact and malicious in intent*.

21 V.S.A. § 1314(g) (emphasis added).

Defendants contend that Plaintiff relies on impermissible conclusory allegations in attempting to apply the "false and malicious" exception to the privilege defense. Defendants further accuse Plaintiff of relying on a mere listing of the elements without providing sufficient facts to allege that the statements made before the Department of Labor administrative law judge were false and malicious.

The Court concludes that Plaintiff has sufficiently alleged falsity and malice. The burden on plaintiffs under Vermont law is "exceedingly low" at the pleading stage. *Prive v. Vt. Asbestos Group*, 2010 VT 2, ¶ 14, 187 Vt. 280. Complaints are intended to give enough notice to the defendant to allow a response, but need not lay out every detail of the facts supporting the claim. *See Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it."); *see also* V.R.C.P. 8(a) ("A pleading . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader

seeks."); 8(e) ("Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.").

Not only did Plaintiff allege that the statements were false, but he also specifically listed the five statements that he claims were false. Compl. ¶ 55. That provides ample notice to Defendants to allow a response. The parties can investigate the truth of those statements during discovery. Even assuming Plaintiff needed to allege more facts than that, he did so for at least some of the statements. As to the statement about Defendants having "past problems" with Plaintiff "not doing a fourth trip," Plaintiff alleges elsewhere in the Complaint he refused orders to drive when he was already over his allotted hours for the day, Compl. ¶ 34, and when the trailer had a broken lock jaw. Compl. ¶¶ 38-39. As to the statement that Plaintiff was "fired for misconduct," Plaintiff alleges that he was fired for refusing to illegally driver a trailer with a broken lock jaw. Compl. ¶¶ 40-41. And, as for the statement that Plaintiff was "properly classified as an independent contractor," Plaintiff has alleged that he was an employee, and that the Department of Labor ruled that Defendants in fact wrongfully classified him as an independent contractor. Compl. ¶¶ 3, 5-6, 56. Regarding the allegation of malice, it is well-established that "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." V.R.C.P. 9(b).

Defendants rely on *Lynn v. Slang Worldwide, Inc.*, 2025 VT 30, ¶ 22, but that case involved the pleading of the "justifiable reliance" element of a negligent misrepresentation claim, and is thus inapposite. More directly on point is *Talandar*, 2024 VT 86, ¶ 13 (noting that "in reviewing the trial court's judgment on the pleadings, we take the allegations in plaintiff's complaint as true – including the assertion that defendant maliciously presented false claims of physical and sexual assault to the police"). The original complaint filed in *Talandar* was much less detailed than the Complaint filed in the present case, and lends additional support to the conclusion that Plaintiff's allegations of falsity and malice are enough to survive a motion to dismiss. Moreover, Defendants' citation to *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) and argument that Plaintiff must "plausibly allege" both falsity and malice also miss the mark. Vermont does not follow the federal "heightened pleading standard." *Colby*, 2008 VT 20, ¶ 5 n.1 (reaffirming Vermont's "minimal notice pleading standard"); *see also Bock v. Gold*, 2008 VT 81, ¶ 5 n.*, 184 Vt. 575, 576 (same).

Order

Plaintiff has withdrawn the following claims: Count 3 (as to Mr. DesLauriers); Count 4; and Count 7 (as to Mr. Toma and Mr. DesLauriers). As to the remaining issue in Defendants' motion to dismiss (Mot. # 1), for the foregoing reasons, the motion is DENIED.

Electronically signed on September 30, 2025 at 5:27 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

4