Filed 01/28/26

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02177

| Amanda Wescott v. Tyler Rowden et al |
|---|

### DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

This case arises from defendant Tyler Rowden's alleged rape of plaintiff Amanda Wescott in June 2021. Amanda has pled multiple claims against Tyler alone, as well as a claim for negligence against defendant Marie Rowden and a claim for defamation against both Tyler and Marie. Pending before the court is Marie's motion for summary judgment on the negligence and defamation claims against her. For the reasons that follow, the motion is granted with respect to the negligence claim and denied with respect to the defamation claim.

### Background

The following facts are undisputed.[1]

Amanda and Marie are cousins through marriage and were best friends for more than twenty years. When Marie married Tyler, Amanda was her maid-of-honor.

On June 5, 2021, Marie invited Amanda over to have dinner at the home Marie shared with Tyler. By this time, Amanda had known Tyler for years and had socialized with him on multiple occasions, including when drinking alcohol. On the night of June 5, all three parties drank heavily. Despite knowing Marie was very intoxicated, Tyler continued providing her with alcohol and cannabis late into the night. Amanda's last memory of the evening was making nachos with Marie until she woke up naked on the Rowdens' couch being held down and raped by Tyler. As soon as Tyler finished and left, Amanda fled the house, contacted her sister and mother, and was taken to the Copley Hospital Emergency Department. Sperm collected from Amanda at Copley was confirmed to be Tyler's. After being discharged from the hospital, Amanda and Marie spoke by phone. Amanda stated she was raped. Marie claimed that Amanda and Tyler has just been messing around.

---

[1] Marie provided a statement of undisputed material facts, and Amanda provided a response to that statement as well as her own supplemental statement of facts. Because Marie did not respond to Amanda's supplemental statement, the court deems the facts therein admitted. *See* V.R.C.P. 56(c)(3); *Webb v. Leclair*, 2007 VT 65, ¶¶ 5-6, 182 Vt. 559.

Earlier in the evening June 5, before the sexual assault, the parties all participated in a video-call with Tyler's longtime friend Frank Bailey. Amanda was also communicating directly with Frank via Facebook Messenger. Frank knew that Tyler had been accused of sexual misconduct multiple times in high school. He did not share this information with Amanda. Others in the Rowdens' community knew of similar accusations against Tyler. The summary judgment record does not show that any of these accusations led to criminal charges or other consequences for Tyler, or that Marie knew of the accusations. It is undisputed that, before June 5, 2021, Marie did not tell Amanda that Tyler had a history of sexual misconduct.

In the weeks and months following the sexual assault, Marie made several statements to various acquaintances that described the incident between Tyler and Amanda as an "affair," cheating, or otherwise "consensual." Specifically:

- Marie had multiple conversations with her aunt Mary Kathrine following the sexual encounter in which she stated Tyler was not capable of raping Amanda;

- Marie told Ashley Sullivan, in January 2022, and Ashley Currier, on June 7, 2021, that she did not believe Tyler raped Amanda;

- "Months" after the sexual encounter, Marie told her grandfather, Dwayne Cutting, that Tyler and Amanda had an "affair";

- Approximately "six, eight months" after the rape occurred, Marie told her father, Greg Young, that Tyler and Amanda had slept together;

- In the Spring of 2022, Marie told Amanda's cousin, Jennifer Tricou, that Amanda and Tyler "messed around" with each other and that the encounter was "consensual";

- Weeks after the sexual encounter, Marie made statements to Page Gambero and Kelly Marsh that she believed Tyler that his sexual encounter with Amanda was consensual;

- After Tyler's arrest in February 2022, Tyler and Marie told Tyler's parents that Tyler had cheated on Marie with Amanda.

Pls' St. of Material Facts, ¶ 10.

Tyler was arrested and charged with two counts of sexual assault in February 2022. In May 2024, at a change-of-plea hearing, Tyler pled guilty to prohibited conduct in violation of 13 V.S.A. § 2601a and unlawful restraint in the second degree in violation of 13 V.S.A. § 2406(a)(3). Tyler admitted under oath that he held down Amanda and had sexual intercourse with her without her consent. Marie attended the change-of-plea hearing.

**Analysis**

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hier v. Slate Valley Unified Sch. Dist.*, 2025 VT 2, ¶ 8 (quoting V.R.C.P. 56(a)). All reasonable doubts and inferences are resolved in favor of the nonmoving party. *Boyd v. State*, 2022 VT 12, ¶ 19, 216 Vt. 272. Thus, "[i]n determining the existence of genuine issues of material fact, courts must accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." *Gates v. Mack Molding Co.*, 2022 VT 24, ¶ 13, 216 Vt. 379 (quotation omitted).

### 1. Negligence

"To survive judgment as a matter of law in a negligence claim, the plaintiff must produce sufficient evidence of (1) a legal duty owed by defendant to plaintiff, (2) a breach of that duty, (3) an actual injury to the plaintiff, and (4) a causal link between the breach and the injury." *Driscoll v. Wright Cut & Clean, LLC*, 2024 VT 49, ¶ 7, 219 Vt. 623 (quotation omitted). The dispute before the court on summary judgment concerns whether Marie had a duty to warn Amanda that Tyler had a history of sexual assault before Marie invited Amanda over to her house to drink alcohol when Tyler would be present.

In general, there is no duty under tort law to protect another or to control the conduct of a third person to prevent that person from causing harm. Restatement (Second) Torts §§ 314, 315. There are of course exceptions to the general rule, including when a "special relationship" exists, or when a risk of unreasonable harm is created by a third person's foreseeable conduct, including when that conduct is criminal. *See id.*, §§ 302, 302B, 314A, 316-320.

Nothing in the summary judgment record supports finding a special relationship— as the term is understood in tort law—between Marie and either Amanda or Tyler. *See generally* §§ 314A, 316-320; *Veljovic v. TD Bank, N.A.*, 2025 VT 38, ¶¶ 12-14 (describing fiduciary-like relationship of "trust, confidence, or reliance" such as doctor-patient or attorney-client). Amanda has not argued that a close friendship or even a marriage suffices.

Instead, Amanda argues that Tyler's assault was foreseeable. Specifically, she argues that Marie knew or should have known an unreasonable risk of assault existed because Tyler was previously accused of multiple instances of sexual misconduct, and that these accusations were widely known in the Rowden's community. But the record does not show that these accusations led to criminal charges or convictions or were otherwise substantiated, or that anyone ever even told Marie of the accusations. Further, it is undisputed that Tyler and Amanda had known each other for years, had socialized, and had previously drank alcohol together on multiple occasions without incident. The facts in

3

the summary judgment record do not permit a reasonable inference that Marie should have known Tyler might assault Amanda.[2]

Marie is accordingly entitled to summary judgment on Amanda's negligence claim.

## 2. Defamation

The elements of a claim for defamation are "(1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm so as to warrant compensatory damages." *Wolfe v. VT Digger*, 2023 VT 50, ¶ 13, 218 Vt. 408. A claim for defamation is subject to a three-year statute of limitations. 12 V.S.A. § 512. Marie argues the defamation claim fails to state a claim for which relief can be granted and is time-barred.

Addressing the limitations argument first, Amanda pled the defamation claim for the first time on July 19, 2024, when her first amended complaint was filed. Accordingly, any defamation claim based on a statement made between June 5 and July 18, 2021, is time-barred. This would cover any statements Marie made to Mary Katherine, Ashley Currier, or others on June 6 or 7, 2021.

Turning to the merits, Marie argues that she cannot be held liable for defamation when she simply repeated to various acquaintances her belief in Tyler's initial version of events—*i.e.,* that the sex between Tyler and Amanda was consensual. Marie argues any such statement is a protected statement of opinion.

"A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." Restatement (Second) Torts § 566. In determining whether a statement is "fact" or "opinion," courts generally look to (i) whether the statement has a precise meaning that is readily understood, (ii) whether the statement can be proven as true or false, and (iii) whether the surrounding context signals whether

---

[2] The cases Amanda cites to support her claim are both procedurally and factually distinguishable. *Cf. Pamela L. v. Farmer*, 112 Cal. App. 3d 206, 210, 169 Cal. Rptr. 282 (Cal. Ct. App. 1980) (reversing dismissal of complaint because of allegations that respondent "enticed" children to play in her swimming pool by offering them refreshments and told the parents the children would be "safe" alone with respondent's husband despite respondent's "knowledge that [husband] had molested . . . children in the past and that it was reasonably foreseeable he would do so again if left alone with the children on the premises"); *Johnson v. Waddington*, No. CV106004475, 2010 WL 5188495, at *3 (Conn. Super. Ct. Dec. 3, 2010) (denying motion to strike because plaintiff alleged that defendants shared a common residence, "defendant wife knew of her husband's violent tendencies," and it could "be implied from the allegations that it is reasonably foreseeable a husband with violent tendencies entering his own home past midnight to discover a male stranger visiting his wife for a social call would lead to harm").

the statement would be understood as opinion or fact. *See, e.g., Thomas H. v. Paul B.*, 965 N.E.2d 939, 942 (N.Y. 2012) (applying New York law); *Knelman v. Middlebury Coll.*, 898 F. Supp. 2d 697, 721 (D. Vt. 2012) (predicting that Vermont Supreme Court would follow the same framework), *aff'd*, 570 F. App'x 66 (2d Cir. 2014).

The Restatement further explains that while "pure" expressions of opinion—those where "the maker of the comment states the facts on which he bases his opinion of the plaintiff and then expresses a comment as to the plaintiff's conduct, qualifications or character"—are privileged, "mixed" expressions of opinion—those "apparently based on facts regarding the plaintiff or his conduct that have not been stated by the defendant or assumed to exist by the parties to the communication"—are not privileged. *Id.*, cmt. b.

The court cannot conclude on the current record that Marie's challenged statements are "pure" expressions of opinion that are immune from liability against defamation as a matter of law. Even when couched as statements of opinion (Marie believed Tyler that the sex was consensual) as opposed to fact (the sex was consensual), the record does not establish that Marie disclosed the facts that formed the basis of her opinion to Mary Kathrine, Ashley Sullivan, Greg Young, Jennifer Tricou, Page Gembera, Kelly Marsh, or Tyler's parents. Based on the current record, and considering the relevant circumstances, a reasonable listener could have understood Marie to be asserting in those statements that Amanda had a consensual sexual relationship with Tyler. *See Thomas H.*, 965 N.E.2d at 585-86 (denying summary judgment because defendants' statements that they believed daughter had been sexually assaulted by plaintiff were actionable regardless if characterized as fact or mixed opinion).

Marie is accordingly not entitled to summary judgment on Amanda's defamation claim.

### Order

The motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Defendant Marie Rowden is entitled to summary judgment on plaintiff's negligence claim but not on plaintiff's defamation claim.

Electronically signed on: 1/27/2026 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge

5